No. 32,595

THE STATE OF KANSAS, *Appellee*, v. RALPH B. GARVIN, *Appellant.*

(57 P. 2d 39)

Opinion filed May 9, 1936.

*Douglas Hudson,* of Fort Scott, *J. L. Stryker,* of Fredonia, and *R. B. Smith,* of Erie, for the appellant.

*Clarence V. Beck,* attorney general, *L. H. Cable,* county attorney, and *B. M. Dunham,* special counsel, for the appellee.

The opinion of the court was delivered by

BURCH, C. J.: Defendant was charged with violation of the banking laws in an information containing three counts. He was convicted, and appeals.

Words not now material being omitted, the statute reads as follows:

"Every . . . assistant cashier . . . of any bank who embezzles, abstracts or willfully misapplies any of the moneys, funds, securities or credits of the bank, . . . or who makes use of the name of the bank in any manner, with intent in either case to injure or defraud the bank . . . shall be deemed guilty of a felony, . . ." (R. S. 1933 Supp. 9-140.)

Words not now material being omitted, the first count of the information reads as follows:

". . . Ralph B. Garvin, . . . an assistant cashier . . . of the Erie State Bank, . . . did . . . abstract and misapply moneys, funds, securities and credits of the said Erie State Bank, . . by placing a credit and deposit in the said Erie State Bank, . . . in the sum of two thousand one hundred and fourteen dollars and thirty-nine cents ($2,114.39) to the credit of one H. W. Blaine, without depositing any money, funds, securities or credits in said Erie State Bank, . . . to offset the liability of said Erie State

Bank, . . . thereby created, with the intent of he, the said Ralph B. Garvin, to injure and defraud the said Erie State Bank, . . ."

The second count of the information alleged in similar way a credit to H. G. Barnes in the sum of $1,404.39, without corresponding deposit. The third count charged embezzlement of money deposited in the bank by a school district in the sum of $381.27, and defendant was properly convicted on this count.

As indicated, count 1 of the information was based on conduct of defendant as assistant cashier of the Erie State Bank. The Erie State Bank was organized to effect a merger of the Bank of Erie and the Allen State Bank. Blaine had a deposit in the Bank of Erie. The transcript of accounts to be taken over by the Erie State Bank did not contain the Blaine account, and the new bank commenced operation without any account with Blaine. Subsequently defendant put into the ledger of the new bank the ledger sheet from the Bank of Erie containing Blaine's account. Defendant did this without making any deposit to the credit of Blaine.

Count 2 of the information was based on similar conduct of defendant concerning the account of Barnes in the Bank of Erie.

The counts of the information stop with the creation of the Blaine and Barnes accounts in the ledger of the new bank without making deposits to cover them. The proof went further. In order to balance his books defendant took out of the new bank ledger the ledger sheet showing the account of one Hardman in the sum of $3,460.32, and tampered with some small accounts to force a balance. The evidence also showed the new bank failed. While it was doing business the Blaine account was active. Checks were drawn, deposits were made, and when the bank failed a small credit balance remained. The Barnes account was inactive, and when the bank failed only one check of $70 had been drawn against the account and paid.

Because of the similarity of the offenses charged in counts 1 and 2, what follows applies to both.

Defendant contends count 1 contained repugnant allegations, rendering it void, in that it was not possible for defendant to create a liability of the bank by crediting Blaine and making no corresponding deposit. The classic case in 3 Mod. 104, 2 Jac. II (1686) is cited, in which it was held "An indictment charging that the defendant *forged* certain writing obligatory, by which *A* was *bound*, is repugnant; for if the bond be forged, *A* could not be *bound* by it."

The chances are that this court would say the words "by which *A* was bound" were descriptive of the writing, and did not refer to fact of obligation. However that may be, defendant's contention rests on lack of authority of an officer of a bank to bind the bank by a transaction of the character described. (*Hier v. Miller,* 68 Kan. 258, 75 Pac. 77.)

A similar contention was made and was pressed to its logical conclusion in a recent case. A county treasurer embezzled money belonging to the county which was deposited in a county depositary. He did this by means of checks on the depositary, on which the counter-signature of the county clerk was forged. He had no authority to get money out of the bank that way, and so it was contended the money which he obtained and which he spent in gambling on the board of trade was still in the bank. (*Cherokee County Comm'rs v. United States F. & G. Co.,* 141 Kan. 301, 305, 40 P. 2d 371.)

If bank officers did none but authorized acts there would be little need for a penal statute. In this instance, as a consequence of defendant's unauthorized conduct, the assets of the Erie State Bank were depleted substantially to the extent of the Blaine credit.

The court does not read the first count of the information as defendant reads it. The count does not charge that Blaine was given credit, that a liability was thereby created, and that no deposit was made to offset the liability so created. The essence of the charge is, Blaine was given credit for a deposit when no deposit was, in fact, made. So considered, there is no repugnancy in the count.

Defendant moved to quash count 1 because it failed to state facts sufficient to constitute a cause of action, and the motion was denied. So we have the question whether giving Blaine credit as if a deposit had been made when no deposit was in fact made, is within the denunciation of the statute.

As indicated, what defendant did was to put on the books of the bank a fictitious deposit. This necessarily demoralized the financial affairs of the bank. The assets of the bank were put behind the deposit. The depositor was given power to deplete the funds of the bank, and the court holds defendant misapplied funds of the bank to the extent of the deposit. Therefore, the motion to quash the information was properly denied.

At the trial it was proper to follow the consequences of the fictitious deposit to the end, as indicated by the statement of facts appearing above.

The specifications of error contained in the abstract raised in various forms the questions which have been discussed. Another specification is that the court admitted illegal testimony. The subject need not be discussed, because the matters complained of did not affect the result. In admissions duly proved defendant told the whole story of his misdeeds, and the court will not reverse the judgment of conviction merely to vindicate rules of evidence and trial practice when the ultimate result must necessarily be the same.

The judgment of the district court is affirmed.

WEDELL, J., not sitting.